UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LISA LEE, et al.,

          Plaintiffs,                     **Case No. 2:07-cv-1230**

                                      **JUDGE GREGORY L. FROST**

      v.                           **Magistrate Judge Norah McCann King**

THE CITY OF COLUMBUS, OHIO, et al.,

          Defendants.

**OPINION AND ORDER**

This matter comes on for consideration of Plaintiffs' Motion for Class Certification (Doc.

# 26), Defendants' memorandum in opposition (Doc. # 28), and Plaintiffs' reply memorandum

(Doc. # 34).  For the reasons that follow, the Court **GRANTS** Plaintiffs' motion.

### I.  Background

The following facts briefly summarize the evidence submitted to the Court.

In the amended complaint, Plaintiffs allege that as employees of the City of Columbus,

they are subject to an impermissible city policy, "Directive 3.07,[1]" which relates to employee

sick leave.  Directive 3.07 is apparently incorporated into the City's collective bargaining

agreements with the unions that represent its civilian and sworn (*i.e.*, police) workers,

approximately 2,200 employees.

Directive 3.07 mandates procedures governing an employee's return to regular duty work

---

[1]At times in their briefing, Plaintiffs refer to Directive 3.06.  However, in the amended
complaint Plaintiffs make no allegations related to Directive 3.06 and refer only to Directive
3.07.  Accordingly, the only directive at issue before this Court is Directive 3.07.

following sick leave, injury leave, or restricted duty.  Under the provisions of Directive 3.07(H), an employee who is returning to regular duty must under specified circumstances forward a note from his or her attending physician to the Employee Benefits Unit.  Directive 3.07 § III(H)(1)(b). The directive provides that "[t]he physician's note must state the nature of the illness and that [the employee is] capable of returning to regular duty" if the employee was off for more than three days of sick leave or was previously notified by a commander to do so.  Directive 3.07 § III(H)(1)(b)(1), (2).  If "[m]ore than two days of sick leave were used due to illness in the immediate family," then "[t]he physician's note must state the nature of the family member's illness and that [the employee was] required to care for the family member."  Directive 3.07 § III(H)(1)(b)(3).  In all instances, the directive requires the employee to "[s]ubmit a copy of the physician's note ***to your immediate supervisor***."  Directive 3.07 § III(H)(1)(c) (emphasis in original).

Plaintiffs allege that it is illegal for the City to require them to disclose confidential medical information as mandated by Directive 3.07.  In the amended complaint, Plaintiffs assert class claims under 42 U.S.C. § 1983 ("Section 1983") alleging violations of the First, Fifth, and Fourteenth Amendments to the United States Consititution, the Rehabilitation Act of 1973, 29 U.S.C. § 790 *et seq.* ("Rehabilitation Act"), as well as individual claims under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, Ohio Rev. Code § 4112.99, Ohio's common law for defamation, and the Declaratory Judgment Act, 28 U.S.C. § 2201.

Plaintiffs filed a motion for a preliminary injunction (Doc. # 7) requesting that Defendants be prohibited from enforcing Directive 3.07 against certain Plaintiffs who possessed standing to request the injunctive relief.  This Court granted Plaintiffs' motion.

2

On May 21, 2008 Plaintiffs filed a motion for class certification that is now ripe for review.

## II.  Class Certification

### A.  Standard

A trial court exercises "substantial discretion" in determining whether or not to certify a class.  *Reeb v. Ohio Dep't of Rehab. and Corr.*, 435 F.3d 639, 643 (6th Cir. 2006) ("*Reeb II*").  Following the proposal of a properly defined class, a district court addressing class certification must turn to Rule 23 of the Federal Rules of Civil Procedure to ascertain whether certification is            warranted.  Rule 23(a) sets forth the prerequisites to certifying a class under one of the Rule 23(b) provisions, providing:

> One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  A district court must conduct a rigorous analysis of each factor.  *Reeb II*, 435 F.3d at 644.

The burden is on the plaintiffs to establish a right to class certification.  *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *Alkire v. Irving*, 330 F.3d 802 (6th Cir. 2003).  If the plaintiffs satisfy all of the Rule 23(a) prerequisites, they may maintain a class action if they also meet one of the three types of class action suits recognized in Rule 23(b).  Fed. R. Civ. P. 23(b); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) (*en banc*) ("No class that fails to satisfy all four of the prerequisites of Rule 23(a) may be certified, and each class meeting those prerequisites must also pass at least one of the tests set forth in Rule 23(b).").  Plaintiffs here seek

to proceed under subsections (b)(2) and (b)(3) of Rule 23.

Rule 23(b)(2) permits certification where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R. Civ. P. 23(b)(2). "Actions for class-wide injunctive or declaratory relief 'involve uniform group remedies' which may often be awarded 'without requiring a specific or time-consuming inquiry into the varying circumstances and merits of each class member's individual case.' " *Bacon v. Honda of Am. Mfg.*, 205 F.R.D. 466, 483-84 (S.D. Ohio 2001) (*citing Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 414 (5th Cir. 1998)).

Rule 23(b)(3) permits class certification where the requirements of Rule 23(a) are met and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). A failure to meet either the Rule 23(b)(3) predominance or superiority requirements precludes certification under that portion of the rule. *Amchem Prods., Inc. v Windsor*, 521 U.S. 591, 615 (1997).

In addressing the foregoing requirements, a district court cannot inquire into the merits of the class representatives' underlying claims. *Reeb v. Ohio Dep't of Rehab. & Corr.*, 81 Fed. Appx. 550, 555 (6th Cir. 2003) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974)). Instead, the district court must accept as true the factual allegations contained within a plaintiff's complaint. *Id.* In addition to the foregoing principles, the Court notes that it must also err in favor of certification when there is some doubt as to whether to certify a class. *Eddleman v.*

*Jefferson County, Ky.*, 96 F.3d 1448, 1996 WL 495013, at *3, 1996 U.S. App. LEXIS 25298, at *

(6th Cir. Aug. 29, 1996) (unpublished table decision) ("When evaluating whether to certify the

class . . . any doubts as to certification should be resolved in favor of plaintiffs.") (citing *Cross v.*

*Nat'l Trust Life Ins. Co.*, 553 F.2d 1026, 1029 (6th Cir. 1977)).  This is not a blanket endorsement

of certification however, because at any time before final judgment a district court has the

discretion to modify the certification order and even to decertify the class in light of subsequent

litigation developments.  Fed. R. Civ. P. 23(c)(1)(C); *Daffin v. Ford Motor Co.*, 458 F.3d 549,

554 (6th Cir. 2006) (citing *Falcon*, 457 U.S. at 160).

Guided by the foregoing principles, the Court shall proceed to examine the proposed

class definitions and the Rule 23 requirements individually.

**B.  Class Definitions**

A threshold issue that is implicit in a Rule 23 inquiry is that a court conclude that the

named plaintiffs seeking certification propose an identifiable, unambiguous class in which they

are members.  *Foster v. D.B.S. Collection Agency*, No. 01-CV-514, 2002 WL 484500, at *3

(S.D. Ohio Mar. 26, 2002) (citing *Reid v. White Motor Corp.*, 886 F.2d 1462, 1471 (6th Cir.

1989)).

In the instant action, Plaintiffs move to certify two classes under the Rehabilitation Act

and Section 1983.  29 U.S.C. § 790 *et seq.*; 42 U.S.C. § 1983.  Plaintiffs' request damages and

injunctive and declaratory relief for Class I and for Class II they request only declaratory and

injunctive relief.  Plaintiffs propose the following class definitions:


CLASS I
All employees of the City of Columbus, Division of Police, subject to the

enforcement of Division Directive 3.07, who, since 2004 through present, pursuant to the Directive, have been required to disclose confidential medical information to supervisory personnel.

CLASS II
All current employees of the City of Columbus, Division of Police, subject to the enforcement of Division Directive 3.07.

Defendants argue that the Court "should deny certification as to both the proposed classes . . . [because] it is clear that Plaintiffs do not have a cognizable claim." (Doc. # 28 at 4.) Defendants assert that "[n]ot even the most tortured interpretation of the relevant law supports Plaintiffs' position." *Id.* Defendants suggest that, "[w]hile the Court may not delve into the merits of the claim at this stage, neither is it required to ignore the law or binding precedents." *Id.* Defendants then request the Court to "answer the threshold question whether Division Directive 3.07 violates federal law." This inquiry, as Defendants themselves admit, is simply not a proper inquiry at this juncture. *See Reeb*, 81 Fed. Appx. at 555; *Eisen*, 417 U.S. at 178. Indeed, although Defendants correctly contend that delving into the merits of Plaintiffs' underlying claims is not permitted when considering a request for class certification, Defendants then proceed to ask this Court to do just that–*i.e.*, delve into the merits of Plaintiffs claims. Thus, Defendants' request is not well taken.

These proposed definitions set forth two identifiable and unambiguous classes. That is, each specifies a particular group that was allegedly harmed and/or subject to potential harm: those individuals who were required to disclose confidential medical information to their supervisor pursuant to Directive 3.07 from 2004 to the present and all current employees subject to the potential enforcement of Directive 3.07.

These are sufficiently narrow definitions that include the particular way in which the harm

6

occurred or will potentially occur, (*i.e.*, forced disclosure of confidential medical information). These class definitions also facilitate this Court's ability to ascertain class membership in an objective manner, by looking at a list of employees and at a more refined list of employees that were required to disclose confidential medical information to their supervisors. Moreover, Plaintiffs are members of either one or both proposed classes, as evidenced by their declarations. (*See* Exhibits attached to Doc. # 7.) Finally, the "opt-out" provisions would apply only to Class I, where notice to each class member will be necessary.

The Court thus concludes that Plaintiffs have adequately presented two properly defined classes and that an examination of the Rule 23 requirements is warranted.

## C. Rule 23(a) Requirements

### 1. Numerosity

The numerosity requirement of Rule 23(a)(1) is satisfied where the potential class members are "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The United States Court of Appeals for the Sixth Circuit has explained that "[t]here is no strict numerical test for determining impracticability of joinder." *Golden v. City of Columbus*, 404 F.3d 950, 965-66 (6th Cir. 2005) (citations omitted). Indeed, "[t]he numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *Id.* (citing *Gen. Tel. Co. of the Northwest, Inc., v. EEOC*, 446 U.S. 318, 330 (1980)).

In the instant action, Defendants have agreed that the proposed classes meet the numerosity requirement.

### 2.  Commonality

The commonality requirement of Rule 23(a)(2) provides that a class can be certified only if "there are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  The Sixth Circuit has stated that "[a]lthough Rule 23(a)(2) speaks of 'questions' in the plural . . . there need only be one question common to the class."  *Sprague*, 133 F.3d at 397.  Although in their opposition memorandum Defendants conflate the arguments relating to commonality and typicality, it appears that they argue that there are no common questions of law or fact because Plaintiffs' claims "clearly are dependent on individualized facts."  (Doc. # 28 at 5-7.)  Defendants analogize this action to "the numerous discrimination cases where the courts have held cases alleging individual discrimination are not appropriate for class actions."  *Id.* at 7.  This Court disagrees.

As another judge in this district has held previously, commonality exists "as long as the members of the class have allegedly been affected by a general policy of the defendant, and the general policy is the focus of the litigation."  *McGee v. Ohio Gas Co.*, 200 F.R.D. 382, 390 (S.D. Ohio 2001) (quoting *Day v. NLO, Inc.*, 144 F.R.D. 330, 333 (S.D. Ohio 1992)).  Plaintiffs have sufficiently alleged that Directive 3.07 is universally applied to employees of the City requiring, without exception, the disclosure of allegedly personal medical information to immediate supervisors.  Therefore, the common question of fact is whether the City required its employees to disclose confidential medical information to their immediate supervisors before they were allowed to return to work.  The common question of law is whether Directive 3.07 violates the Rehabilitation Act or Section 1983.

These questions of law and fact are central to Plaintiffs' and to the proposed class' claims,

are the focus of this litigation, and resolution of them will unquestionably affect the members of the proposed class.  *See Sprague*, 133 F.3d at 397.  Indeed, without proof of these, no plaintiff could recover.  Thus, Plaintiffs here satisfy the commonality requirement of Rule 23(a)(2).

### 3.  Typicality

The third requirement under Rule 23(a) is that Plaintiffs' claims be typical of the claims of the putative class.  Fed. R. Civ. P. 23(a)(3).  Defendants, in their opposition memorandum, make an extensive argument based upon class definitions that, as Plaintiffs correctly note, are "absolutely incorrect and [are] either disingenuous or evidence that Defendants have not read the class certification motion."  (Doc. # 34 at 5.)  Thus, the Court will not address this confused argument.

The Sixth Circuit has provided an explanation for the method of analysis necessary to evaluate typicality in a given case, stating that "[t]he premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class."  *Sprague*, 133 F.3d at 399.  *See also McGee*, 200 F.R.D. at 390.  Specifically,

> "Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. . . .  A necessary consequence of the typicality requirement is that the representative's interests will be aligned with those of the represented group, and in pursuing his own claims, the named plaintiff will also advance the interests of the class members."

*Id.* (quoting *Am. Med. Sys.*, 75 F.3d at 1082).

In this case, Plaintiffs will necessarily advance the interests and the claims of the absent members of the class.  Plaintiffs maintain exactly the same causes of action on their own behalf as they do on behalf of the putative class.  The proofs that are required for their own claims to prevail are those necessary for the putative class to prevail.  That is, all interests are advanced by

attempting to prove that the portion of Directive 3.07 that requires disclosure of personal medical information to an immediate supervisor is unconstitutional and/or violates the Rehabilitation Act. Thus, as go Plaintiffs' claims, so go the claims of the class.  Plaintiffs have unquestionably satisfied the typicality requirement of Rule 23(a)(3).

### 4. Adequacy

The final requirement of Rule 23(a) mandates that the Court examine the adequacy of the class representatives.  Fed. R. Civ. P. 23(a)(4).  The representative parties must "fairly and adequately protect the interests of the class."  *Id.*  The adequacy of representation requirement is designed to protect class members who are not named as parties to the action but nevertheless will be bound by a subsequent judgment.  *Hansberry v. Lee*, 311 U.S. 32, 45 (1940).  *See also Smith v. Babcock*, 19 F.3d 257, 265 n.13 (6th Cir. 1994) (holding that "[n]o class should be certified where the interests of the members are antagonistic, because the preclusive effect of the verdict may deprive unnamed class members of their right to be heard").

The Sixth Circuit has articulated two criteria for determining the adequacy of representation:  "1) [t]he representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel."  *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 (6th Cir. 1976).  There can be no conflict between the named plaintiffs and other members of the class, and the named plaintiffs must be able to fulfill their various duties.  *See id.*  The Court concludes that both prongs of the Rule 23(a)(4) test are met.

**a.  The class representatives will vigorously prosecute the interests of the class through qualified counsel.**

Plaintiffs assert that their counsel will pursue the claims before this Court to final judgment and protect all members of the class.  There is no indication that Plaintiffs' counsel is unqualified to handle this matter, or that Plaintiffs or their counsel will neglect their duties to investigate claims on behalf of all members of the class.

However, if the Court were to leave the class definitions as proposed by Plaintiffs, counsel for Plaintiffs would necessarily be considered counsel for the members of the putative class that have also been named as individual defendants in this action.  Without question, that situation creates a conflict of interest for Plaintiffs' counsel.  Consequently, to satisfy the adequacy element of Rule 23(a)(4), the proposed class definitions must exclude any named defendants.

**b.  The representatives have common interests with unnamed members of the class.**

Defendants argue that this lawsuit may somehow cause a conflict with the operative collective bargaining agreements.  This Court addressed this argument in its June 24, 2008 Opinion and Order, stating that "it is debatable whether these [collective bargaining] agreements are even relevant to today's inquiry given that the policies at issue are the directives, not the agreements."  (Doc. # 32 at 19.)  This same opinion is directly applicable to Defendants' argument here.

The Court finds that Plaintiffs interests,( *i.e.*, "the protection offered by the Rehabilitation Act and Section 1983") are identical to the interests of every other class member.  There is no antagonism between Plaintiffs' claims and those of the class.  If Directive 3.07 is found to violate the law, those who have been subjected to it, Class I, all request damages for these violations and

protection from being subjected to the directive in the future.  Whereas those individuals in Class II request protection from being subjected to Directive 3.07 in the future.  Plaintiffs and the putative class all have an equal interest in preventing the alleged illegal acts.  Thus, any declaratory or injunctive relief will benefit all members of the class.

**D.  Rule 23(b) Requirements**

In light of the Court's conclusion that the four prerequisites for class certification under Rule 23(a) have been satisfied, the Court will now proceed with the analysis under Rule 23(b). *See Senter*, 532 F.2d at 522.

**1.  Rule 23(b)(2)**

Plaintiffs seek certification of both classes under Rule 23(b)(2), which allows for the entry of final injunctive relief or corresponding declaratory relief.  Fed. R. Civ. P. 23(b)(2).  Defendants argue, that "not only is a class action not the superior method, it is not even necessary" because if Directive 3.07 is found to violate the law, Defendants will no longer be permitted to enforce it as to any employee.  (Doc. # 28 at 10.)  However, the United States Supreme Court has addressed this exact issue and found that even though injunctive or declaratory relief as to one member of the class will provide the same relief, as a practical matter, to all other class members, a class may still be certified under Rule 23(b)(2).  *See Califano v. Yamasaki*, 442 U.S. 682, 700 (1979).

Here, it is hard to imagine a proposed class more appropriate for (b)(2) certification than the one presently before the Court.  The City of Columbus is charged with having a policy, Directive 3.07, that violates the Rehabilitation Act and the constitutional rights of its employees. The putative class requests that this Court order Defendants to cease enforcing the directive. Effectively, the putative class seeks a judgment settling the legality of Directive 3.07 with respect

to the class as a whole.  Thus, this Court concludes that certification under 23(b)(2) is warranted.

### 2.  Rule 23(b)(3)

"To qualify  for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites: Common questions must predominate over any questions affecting only individual members; and class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy."  *Amchem*, 521 U.S. at 615 (internal quotation marks omitted);Fed. R. Civ. P. 23(b)(3).

### a.  Common questions predominate over any questions affecting only individual class members.

Defendants argue that common issues of law and fact do not predominate because individualized inquiries into damages is necessary.  This Court disagrees.  When a court can determine liability on a class-wide basis, the fact that the damages calculation may involve individualized analysis is not by itself sufficient to preclude certification.  *Olden v. LaFarge Corp.*, 383 F.3d 495, 509 (6th Cir. 2004).  *See also Sterling v. Velsicol Chem Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988) (common issues relating to liability warranted class certification since individual damages issues could be reserved for separate determination).

Further, the substantive elements of class members' claims require the same proof for each class member.  Moores Federal Practice 3D § 23.45[1].  Also, the resolution of an issue common to the class would significantly advance this whole litigation.  *See id.*  Finally, the proposed class is bound together by a mutual interest in resolving common questions more than it is divided by individual interests.  *See id.*

The Court easily concludes that Plaintiffs have sufficiently demonstrated that common issues predominate over any individual issues

**b.  Class resolution is superior to other available methods for the fair and efficient adjudication of this controversy.**

As Plaintiffs convincingly argue, the majority of putative class members would not likely have their day in court on these claims if a class is not certified because of a lack of resources, lack of representation, and similar barriers.  Class actions are the vehicle for those who seek to "[vindicate] the rights of individuals who otherwise might not consider it worth the candle to embark on litigation in which the optimum result might be more than consumed by the cost." *Deposit Guaranty Nat. Bank v. Roper*, 445 U.S. 326, 338 (1980).  The financial resources required for each class member to pursue this litigation individually also make a class action the only real option.  That is, the damages resulting from a single violation of federal law may not justify that proposed class member bringing an action individually.  Indeed, the size of individual plaintiffs' claims make individual actions cost prohibitive.

Further, judicial economy is served by evaluating one time Directive 3.07 and its application to the City's employees, as that directive did not change from class member to class member.  Moreover, concentration of claims in this forum is judicially economical because it ensures that these issues will only have to be considered and resolved once.  Finally, certification would avoid inconsistent outcomes and ensure a final and reliable resolution of the claims.

Thus, the Court concludes that Plaintiffs have sufficiently demonstrated that class resolution is superior to other available methods for the fair and efficient adjudication of this controversy.

### III.  Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Class Certification.

(Doc. # 26).

1.  The Court hereby certifies the following two classes:

Class I is certified under Fed. R. Civ. P. 23(b)(2) and (b)(3) and is defined as:

Except for any named defendant in this action, all employees of the City of Columbus, Division of Police, subject to the enforcement of Division Directive 3.07, who, since 2004 through present, pursuant to the Directive, have been required to disclose confidential medical information to supervisory personnel.

Class II is certified under Fed. R. Civ. P. 23(b)(2) and is defined as:

All current employees of the City of Columbus, Division of Police, subject to the enforcement of Division Directive 3.07, except any named defendant in this action.

2.  The following individuals are certified as class representatives: Plaintiffs Cheri Bowman, Carrie Best, Lisa Lee, Paula Lee, Teresa Ruby & Veronica Conley.

3.  The following counsel are appointed as class counsel: Chorpenning, Good & Pandora Co., LPA and the Law Offices of Mike Moore.

4.  Plaintiffs shall submit to the Court and to Defendants their proposed notices to the class within 10 days of the date of this Opinion and Order.

5.  The Court will schedule a conference to discuss issues involving the proposed notices to the class.

At any time before final judgment, the Court shall modify this certification order or even decertify the class should subsequent circumstances warrant such action.

**IT IS SO ORDERED**.

                                              **/s/ Gregory L. Frost**
                                    **GREGORY L. FROST**
                                    **UNITED STATES DISTRICT JUDGE**