# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

LISA LEE, et al.,

    Plaintiff,

v.

CITY OF COLUMBUS, et al.,

    Defendants.

Case No. 2:07-cv-1230
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion for Summary Judgment as to the Individual Claims of Plaintiff Teresa Ruby ("Defendants' Motion") (Doc. # 136), Plaintiff Teresa Ruby's Memorandum Contra Defendants' Motion (Doc. # 167), in which she requests oral argument on Defendants' Motion ("Ruby's Request for Oral Argument"), and Defendants' Reply to Plaintiff Teresa Ruby's Memorandum Contra Defendants' Motion (Doc. # 179). For the reasons that follow, the Court **GRANTS** Defendants' Motion and **DENIES** Ruby's Request for Oral Argument.

### I. Background

Plaintiff Teresa Ruby ("Ruby") was employed as a communication technician in the Department of Public Safety, Division of Police, Communications Bureau from March 3, 1991 until January 6, 2009. Ruby alleges that her employer and numerous Division of Police supervisors and employees ("Defendants") retaliated against her "because she opposed the unlawful policy of requiring disclosure of her medical condition to unauthorized persons." (Doc. # 109 ¶ 162.)

Specifically, on five separate occasions in February, March, May, and July 2005,

Ruby refused to provide a doctor's note for her absences from work, claiming that Defendants' requirement that she do so was illegal. After each instance, Ruby was served with disciplinary charges and a separate predisciplinary hearing was held for each instance. Defendant and the union, who represented Ruby in the disciplinary proceedings, mutually agreed to extend the time for the hearing officer to issue a report on each hearing until after complaints Ruby had filed with the Department of Labor and the State Employment Relations Board ("SERB") were resolved. Ruby's Department of Labor complaint was resolved in Defendant's favor in July 2005 and SERB dismissed Ruby's complaints with a finding of no probable cause on September 23, 2005.

On November 3, 2005, the hearing officer issued a written decision on each of the five outstanding disciplinary charges, finding that Ruby had violated the Division of Police's work rules by failing to provide doctor's notes for her absences.. The hearing officer imposed a suspension for each of the five instances. Consistent with the progressive discipline set forth in the collective bargaining unit to which Ruby was subject, a more lengthy suspension was imposed for each infraction, totaling thirty-one days.

On November 4, 2005, Ruby was served with notice of the thirty-one day suspension. Ruby argues that this suspension was actually a constructive discharge.

On December 4, 2007, Ruby, and other individual employees, filed this action. Ruby alleged claims for relief under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.*, the First, Fifth and Fourteenth Amendments to the Constitution of the United States through 42 U.S.C. § 1983 ("Section 1983"), and the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 790, *et. seq.* (Doc. # 109 ¶¶ 147-168.) On March 12, 2009, at Ruby's request, the

Court dismissed her FMLA claims. (Doc. # 98.)

## II. Standard

Rule 56 of the Federal Rules of Civil Procedure provides for judgment as a matter of law if there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue as to any material fact, the evidence "must be viewed in the light most favorable" to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)).

In ruling on a motion for summary judgment "[a] district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Glover*, *supra* (citing *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989)). Instead, a "court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties." *Id.*; Fed. R. Civ. P. 56(c).

### III. Analysis

Defendants argue they are entitled to summary judgment on Ruby's Section 1983 claim and her Rehabilitation Act claim because, *inter alia*, Ruby has failed to identify any conduct or action that took place within the two year limitations period. Ruby does not address Defendant's argument. This Court finds Defendants' argument well taken.

Neither Section 1983 nor the Rehabilitation Act has a built in statute of limitations; federal law instead borrows a limitations period from the most closely analogous statute of limitations of the state in which the claim arose. *Wilson v. Garcia*, 47 U.S. 261 (1985). In Ohio, the law is well settled that the two year personal injury limitation applies to Section 1983 claims. *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989). Also, the proper statute of limitations for a Rehabilitation Act claim is the same state personal injury statute applicable to Section 1983. *Southerland v. Hardaway Mgmt. Co.*, 41 F.3d 250, 255 (6th Cir. 1994). However, the date on which the statute of limitations begins to run in this action is a question of federal law. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984) (citations omitted).

Here, Ruby filed the original complaint on December 4, 2007. Thus, Ruby's claims are time barred because each occurred prior to December 4, 2005. The conduct about which Ruby complains culminated in discipline that was issued November 3, 2005 and was noticed to Ruby on November 4, 2005. Simply because Ruby waited to inform Defendants that she was resigning until January 6, 2006 does nothing to change the date of the alleged constructive discharge. That date falls outside of the limitations period and is, therefore, barred.

Moreover, this Court has already issued a decision on the inapplicability of the continuing violation doctrine, a narrow exception to the ordinary rule that statute of limitations

begins to run at the time the alleged discriminatory acts occurred. (*See* Doc. # 66.) The Court hereby incorporates that decision herein.

The Court concludes that there is no genuine issue of material fact and that Defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Accordingly, the Court **GRANTS** Defendants' Motion.

With regard to Ruby's Request for Oral Argument f Ohio, the Court concludes that oral argument is not "deemed to be essential to the fair resolution of the" motions before it, and therefore **DENIES** Ruby's request. S.D. Ohio Civ. R. 7.1(b)(2).

## IV.  Conclusion

Based on the foregoing, the Court **GRANTS** Defendants' Motion (Doc. # 136) and **DENIES** Ruby's Request for Oral Argument (Doc. # 167). The Clerk is **DIRECTED** to **ENTER JUDGMENT** in accordance with this Opinion and Order.

**IT IS SO ORDERED**.

                                                    /s/ Gregory L. Frost
                                             **GREGORY L. FROST**
                                             **UNITED STATES DISTRICT JUDGE**