# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

LISA LEE, et al.,

      Plaintiff,

v.

CITY OF COLUMBUS, et al.,

      Defendants.

Case No. 2:07-cv-1230
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion for Summary Judgment as to the Individual Claims of Plaintiff Teresa Ruby ("Defendants' Motion") (Doc. # 136), Plaintiff Teresa Ruby's Memorandum *Contra* Defendants' Motion (Doc. # 167), in which she requests oral argument on Defendants' Motion ("Ruby's Request for Oral Argument"), and Defendants' Reply to Plaintiff Teresa Ruby's Memorandum *Contra* Defendants' Motion (Doc. # 179). For the reasons that follow, the Court **GRANTS in part and DENIES in part** Defendants' Motion and **DENIES** Ruby's Request for Oral Argument.

## I. Background

Plaintiff Teresa Ruby ("Ruby") was employed as a communication technician in the Department of Public Safety, Division of Police, Communications Bureau from March 3, 1991 until January 6, 2009. Ruby alleges that her employer and numerous Division of Police supervisors and employees ("Defendants") retaliated against her "because she opposed the unlawful policy of requiring disclosure of her medical condition to unauthorized persons." (Doc. # 109 ¶ 162.)

Specifically, on five separate occasions in February, March, May, and July 2005,

Ruby refused to provide a doctor's note containing the nature of her illness that caused her absences from work, claiming that Defendants' requirement that she do so was illegal. After each instance, Ruby was served with disciplinary charges for violation of Columbus Police Division Directive ("Directive") 3.07 § III(H)(1)(c), which required employees who were returning from sick leave to regular duty to provide a note from his or her attending physician to his or her immediate supervisor indicating the reason for the employee's absence. A separate predisciplinary hearing was held for each disciplinary charge. Defendant and the union, who represented Ruby in the disciplinary proceedings, mutually agreed to extend the time for the hearing officer to issue a report on each hearing until after complaints Ruby had filed with the Department of Labor and the State Employment Relations Board ("SERB") were resolved. Ruby's Department of Labor complaint was resolved in Defendant's favor in July 2005 and SERB dismissed Ruby's complaints with a finding of no probable cause on September 23, 2005.

On November 3, 2005, the hearing officer issued a written decision on each of the five outstanding disciplinary charges, finding that Ruby had violated Directive 3.07 § III(H)(1)(c) by failing to provide doctor's notes to her supervisor containing the nature of the illness that caused her to be absent. The hearing officer imposed a suspension for each of the five instances. Consistent with the progressive discipline set forth in the collective bargaining unit to which Ruby was subject, a more lengthy suspension was imposed for each infraction, with the suspension totaling thirty-one days. The following day, November 4, 2009, Ruby was again charged with a violation of Directive 3.07 § III(H)(1)(c) for failing to provide a doctor's excuse containing the nature of the illness causing her to be absent from work.

Ruby contends that this suspension, her treatment leading up to the suspension, and the

pending disciplinary charge for the same conduct, resulted in her being constructively discharged on January 6, 2009, the date that Ruby submitted her resignation. Pursuant to the City of Columbus' policy Ruby's separation was indicated as "not in good standing." (Doc. # 136-3, Ex. A, Affidavit of Linda K. Guyton ¶ 4.)

On December 4, 2007, Ruby, and other individual employees, filed this action. The individual employees moved on behalf of themselves and a purported class, alleging that Directive 3.07 § III(H)(1)(c) violated the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 790, *et. seq.* ("the Rehabilitation Act") and the privacy provisions of the First, Fifth and Fourteenth Amendments to the Constitution of the United States through 42 U.S.C. § 1983 ("Section 1983").

On March 27, 2008, two of the individually named plaintiffs filed a motion requesting a preliminary injunction prohibiting the City of Columbus from enforcing Directive 3.07 § III(H)(1)(c) against them. (Doc. # 7.) On June 24, 2008, this Court granted Plaintiffs' motion and issued a preliminary injunction. (Doc. # 32.)

On May 21, 2008, Plaintiffs moved for class certification, which this Court granted on August 22, 2008, certifying two classes:

Class I is certified under Fed. R. Civ. P. 23(b)(2) and (b)(3) and is defined as:

Except for any named defendant in this action, all employees of the City of Columbus, Division of Police, subject to the enforcement of Division Directive 3.07, who, since 2004 through present, pursuant to the Directive, have been required to disclose confidential medical information to supervisory personnel.

Class II is certified under Fed. R. Civ. P. 23(b)(2) and is defined as:

All current employees of the City of Columbus, Division of Police, subject to the enforcement of Division Directive 3.07, except any named defendant in this action.

(Doc. # 39 at 15.)

On September 9, 2009, Plaintiffs filed a motion requesting that the preliminary injunction be extended to all members of Class II. (Doc. # 40.) The Court granted that motion on October 8, 2008. (Doc. # 48.)

On March 31, 2009, Plaintiffs filed a motion for partial summary judgment, requesting that this Court find that Directive 3.07 § III(H)(1)(c) violated the Rehabilitation Act and Section 1983, and thereby transform the preliminary injunction into a permanent injunction. (Doc. # 103.) On May 15, 2009, Defendants filed their motion for summary judgment as to the class claims on this same issue. (Doc. # 142.) On July 15, 2009, this Court issued its Opinion and Order on these motions concluding that Directive 3.07 § III(H)(1)(c) violated the Rehabilitation Act and Section 1983 and issuing a permanent injunction against its enforcement.

Between May 6, 2009 and May 15, 2009, the parties filed their motions for summary judgment as to each Plaintiff's individual claims for relief. (Docs. # 111, 112, 134, 135, 136, 138, 139.) Defendants were granted summary judgment on each of these Plaintiff's individually alleged claims for relief. (Docs. # 190, 191, 202, 206, 212.)

On August 4, 2009, Plaintiffs filed a motion for relief from the judgment entered pursuant to this Court's Opinion and Order granting Defendants summary judgment on Ruby's claims for relief. (Doc. 194.) On August 31, 2009, this Court granted Plaintiffs' request. Consequently, the Court shall now reconsider Defendants' Motion.

In the Third Amended Complaint, Ruby alleged claims for relief under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.*, the First, Fifth and Fourteenth Amendments to the Constitution of the United States through Section 1983, and the

Rehabilitation Act. (Doc. # 109 ¶¶ 135-168, 223-238.) On March 12, 2009, at Ruby's request, the Court dismissed her FMLA claims. (Doc. # 98.) Consequently, the Court shall now consider Ruby's claims for relief brought pursuant to the Rehabilitation Act and Section 1983.

## II. Standard

Rule 56 of the Federal Rules of Civil Procedure provides for judgment as a matter of law if there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(c). In determining whether there is a genuine issue as to any material fact, the evidence "must be viewed in the light most favorable" to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)).

In ruling on a motion for summary judgment "[a] district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Glover*, *supra* (citing *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989)). Instead, a "court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings,

5

depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties." *Id.*; Fed. R. Civ. P. 56(c).

### III. Analysis

**A. The Rehabilitation Act**

Ruby alleges that she was retaliated against by Defendants for her opposition to Directive 3.07 § III(H)(1)(c). Specifically, Ruby alleges that she was given six disciplinary charges for refusing to comply with that Directive and for filing grievances complaining of the illegality of the Directive. Ruby argues that as a result of these charges, as well as the thirty-one day suspension resultant from five of them and the pending penalty for one of them, she was constructively discharged. She alleges damages in the form of, *inter alia*, loss of income and benefits.

Defendants argue that they are entitled to summary judgment on this claim for relief because it "is identical to the class claims which are also brought pursuant to the Rehabilitation Act." (Doc. # 136 at 2.) This Court disagrees.

That is, while the class claims brought under the Rehabilitation Act and Ruby's individual Rehabilitation Act claim both concern Directive 3.07 § III(H)(1)(c), Ruby's individual claim is for retaliation based upon her opposition to that Directive whereas the class claims concern the legality of the Directive. Indeed, Ruby's claim could survive regardless of the outcome of the class claim because in a Rehabilitation Act retaliation claim the employee need only have a reasonable and good faith belief that she is opposing an illegal practice. *See Johnson v. University of Cincinnati*, 215 F.3d 561, 579-80 (6th Cir. 2000). Thus, even if the Court had found Directive 3.07 § III(H)(1)(c) did not violate the Rehabilitation Act, that conclusion would

not have disposed of Ruby's claim for relief if she showed that she had a good faith belief that the Directive was unlawful. Contrarily, even though the Court found that Directive 3.07 § III(H)(1)(c) did violate the Rehabilitation Act, that conclusion does not provide relief to Ruby for her Rehabilitation Act retaliation claim.

Accordingly, the Court **DENIES** Defendants' Motion as it relates to Ruby's Rehabilitation Act retaliation claim for relief.

**B. 42 U.S.C. § 1983**

To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). A municipality, may be held liable under Section 1983 only when the municipality itself causes the alleged constitutional violation. *Monell v. Dep't of Social Servs. Of City of New York*, 436 U.S. 658, 694 (1978). The doctrine of *respondeat superior* does not apply; a governmental entity cannot be held liable under Section 1983 based solely upon allegations that an employee or agent inflicted an injury. *Id.* at 691. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. The Sixth Circuit has held that "to satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.' " *Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993) (citations omitted).

7

Here, Ruby alleges that she was denied her constitutional rights to substantive and procedural due process, to privacy, and to liberty.

### 1. *Privacy Interests*

In the Third Amended Complaint, Ruby alleges that Directive 3.07 § III(H)(1)(c) violates the privacy provisions of the First, Fifth and Fourteenth Amendments to the Constitution of the United States through 42 U.S.C. § 1983. Defendants move for summary judgment on this claim for relief arguing that it is identical to the class claims brought pursuant to Section 1983 and that, as a class member, Ruby has given up any right to separately sue Defendants on the same legal claim. Ruby does not dispute this argument. The Court finds Defendants' argument well taken.

Accordingly, the Court **GRANTS** Defendants' Motion as it relates to this claim for relief.

### 2. *Procedural Due Process*

The Fourteenth Amendment prohibits the deprivation of "life, liberty, or property" without due process of law. U.S. Cons. amend. XIV. The Court must undertake a two-step analysis when considering claims for the violation of due process rights. *Mitchell v. Fankhauser*, 375 F.3d 477, 480 (6th Cir. 2004) (citing *Leary v. Daeschner*, 228 F.3d 729, 741-42 (6th Cir. 2000)). First, it must determine whether the plaintiff has a property interest entitled to due process protection. *See id.* If she has such a protected property interest, then the Court must determine what process is due. *See id.*

In the instant action, there is no dispute that Ruby had a constitutionally protected property interest in her employment. *See also Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 141 (6th Cir. 1997) ("Government employment amounts to a protected property interest

when the employee is entitled to continued employment."). Ruby argues that she was deprived of that property without due process when the Division of Police accepted her resignation without giving her any other option and remaining silent on the fact that if she resigned her separation from employment would be not in "good standing," per the policy of the Division.

With regard to the first prong of the analysis, the Sixth Circuit has explained that a constructive discharge may constitute a deprivation of property within the meaning of the Fourteenth Amendment. *See Nunn v. Lynch*, 113 F. App'x. 55, 59 (6th Cir. 2004) (citations omitted). However, the Court need not determine whether Ruby was constructively discharged because even if she had been, her procedural due process claim fails because she cannot meet the second prong of the analysis. In that regard, Ruby "must also show that the deprivation was accomplished without the process that was due under the law." *Id.* at 60 (citing *Mitchell*, 375 F.2d at 480 and *Parrett*, 737 F.2d at 694 (holding that if the plaintiff was constructively discharged, "the only question would then be whether he was given due process of law.")). There is no dispute that Ruby was not given, nor did she request, a pre-deprivation hearing or a post-deprivation hearing. As the *Nunn* court explained:

> Because Nunn was not terminated, suspended, or demoted, he did not have a right to a pre-deprivation hearing under the municipality's civil service rules. The rules do not provide for a hearing when an employee resigns. Even if the employee can later show that his resignation was not voluntary, the employer cannot be required to give notice before an employee takes what appears to be a voluntary act. . . .
>
> On the other hand, if Nunn's resignation was a constructive discharge, he arguably had a right to a post-deprivation hearing. However, Nunn has not alleged that the City denied a request for a post-deprivation hearing. He has not alleged that he ever requested a hearing.

*Id.* at 60-61.

9

Like the plaintiff in *Nunn*, Ruby here failed to request a post-deprivation hearing, and therefore, cannot meet the second prong of the denial of due process test. Consequently, Ruby has failed to raise a genuine issue of material fact as to whether she was denied constitutional due process. Accordingly, the Court **GRANTS** Defendants' Motion as to that claim for relief.

### 3. *Substantive Due Process*

Ruby argues that she was denied substantive due process in violation of the Fifth and Fourteenth Amendments to the United States Constitution based upon her constructive discharge. "The doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed has come to be known as substantive due process." *Pearson v. City of Grand Blanc*, 961 F. 2d 1211, 1216 (6th Cir. 1992) (citations omitted). "Substantive due process claims may be loosely divided into two categories: (1) deprivations of a particular constitutional guarantee; and (2) actions that 'shock the conscience.' " *Valot v. Southeast Local Sch. Dist. Bd. of Educ.*, 107 F. 3d 1220, 1228 (6th Cir. 1997) (citations omitted).

With regard to the first category, Ruby relies upon her alleged deprivation of employment as the particular constitutional guarantee at issue. The Sixth Circuit, however, has rejected attempts to expand substantive due process protection to claims involving property interests in employment. *See Sutton v. Cleveland Bd. of Educ.*, 958 F.2d 1339, 1350 (6th Cir. 1992) (state-created right to tenured employment lacks substantive due process protection absent the infringement of some fundamental right).

As to the second category, Ruby argues that Defendants' deliberate conduct of suspending her pursuant to Directive 3.07 § III(H)(1)(c), designating her separation in "bad

standing," and designating her as a" no rehire" was "arbitrary in the constitutional sense and should shock the conscience." (Doc. # 165 at 13 of 15.)  This Court disagrees.  There is simply nothing in this case that shocks the conscience.

The Court concludes that Ruby has failed to raise any genuine issues of material fact as to her Section 1983 claim based upon substantive due process.  Accordingly, the Court **GRANTS** Defendants' Motion as to that claim for relief.

### 4. *Liberty Interests*

Ruby argues that she was denied her right to liberty under the Fifth and Fourteenth Amendments to the United States Constitution based Defendants designating her separation from employment as "not in good standing" and designating her as a "no rehire." (Doc. # 165 at 7 of 15.)  "[A] person's reputation, good name, honor, and integrity are among the liberty interests protected by the due process clause of the fourteenth amendment." *Quinn v. Shirey*, 293 F.3d 315, 319 (6th Cir. 2002) (quoting *Chilingirian v. Boris*, 882 F.2d 200, 205 (6th Cir. 1989)). However, defamation alone is not enough to invoke due process concerns. *Id.* (citing *Paul v. Davis*, 424 U.S. 693, 711 (1976)).  "Some alteration of a right or status 'previously recognized by state law,' such as employment, must accompany the damage to reputation. *Id.* at 319-20 (quoting *Davis*, 424 U.S. at 711-12).  "Consequently, when a 'nontenured employee shows that he has been stigmatized by the voluntary, public dissemination of false information in the course of a decision to terminate his employment, the employer is required to afford him an opportunity to clear his name.' "  *Id.* at 320.

> [The Sixth Circuit] has identified five factors that a plaintiff must show in order to establish that he was deprived of a liberty interest and entitled to a name-clearing hearing.

11

> First, the stigmatizing statements must be made in conjunction
> with the plaintiff's termination from employment. . . . Second, a
> plaintiff is not deprived of his liberty interest when the employer
> has alleged merely improper or inadequate performance,
> incompetence, neglect of duty or malfeasance. . . . Third, the
> stigmatizing statements or charges must be made public. Fourth,
> the plaintiff must claim that the charges made against him were
> false. Lastly, the public dissemination must have been voluntary.

*Id.* (quoting *Brown v. City of Niota*, 214 F.3d 718, 722-23 (6th Cir. 2000))

"Once a plaintiff has established the existence of all five elements, he is entitled to a name-clearing hearing if he requests one." *Brown*, 214 F.3d at 723 (citation omitted).

> It is the denial of the name-clearing hearing that causes the deprivation of the
> liberty interest without due process. *Brown*, 214 F.3d at 723. Thus, the public
> employer deprives an employee of his liberty interest without due process, if upon
> request for a name-clearing hearing, the employee is denied. *Brown*, 214 F.3d at
> 723.

*Quinn*, 293 F. 3d at 320.

In the instant action, Ruby cannot establish that she was deprived of a liberty interest because there is no evidence before the Court showing that the allegedly stigmatizing statements were made public, nor any evidence that they were made public by voluntary dissemination, nor that they were false. Further, even if Ruby could establish that she was deprived of a liberty interest, due process was not denied because she never requested a name-clearing hearing. Thus, the Court concludes that there are no genuine issues of material fact based upon Ruby's claim of denial of her constitutional liberty interests. Accordingly, the Court **GRANTS** Defendants' Motion as to that claim for relief.

## C. Oral Argument

With regard to Ruby's Request for Oral Argument f Ohio, the Court concludes that oral argument is not "deemed to be essential to the fair resolution of the" motions before it, and

therefore **DENIES** Ruby's request.  S.D. Ohio Civ. R. 7.1(b)(2).

## IV.  Conclusion

Based on the foregoing, the Court **GRANTS in part and DENIES in part** Defendants' Motion.  (Doc. # 136.)  Specifically, the Court **GRANTS** Defendants' Motion as it relates to Ruby's Section 1983 claims and **DENIES** Defendants' Motion as it relates to Ruby's Rehabilitation Act claim for relief.  Further, the Court **DENIES** Ruby's Request for Oral Argument.  (Doc. # 167.)

**IT IS SO ORDERED**.

                  _/s/ Gregory L. Frost_
                  **GREGORY L. FROST**
                  **UNITED STATES DISTRICT JUDGE**