# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

LISA LEE, et al.,

      **Plaintiff,**                       **Case No. 2:07-cv-1230**
                                                  **JUDGE GREGORY L. FROST**
      **v.**                              **Magistrate Judge Norah McCann King**

CITY OF COLUMBUS, et al.,

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the motion of the City of Columbus to Stay Proceedings on Defendant's Liability and Compensatory Damages Pending the Resolution of Defendant's Appeal ("Defendant's Motion to Stay") (Doc. # 198), the Memorandum of Class I Representatives in Opposition to Defendant's Motion to Stay Proceedings on Defendant's Liability and Compensatory Damages Pending the Resolution of Defendant's Appeal (Doc. # 201), and Defendant's Reply Memorandum of Class I Representatives in Opposition to Defendant's Motion to Stay Proceedings on Defendant's Liability and Compensatory Damages Pending the Resolution of Defendant's Appeal (Doc. # 208). For the reasons that follow, the Court **DENIES** Defendant's Motion to Stay.

## I. Background

On December 4, 2007, several individual employees and previous employees of the City of Columbus, Ohio, Department of Public Safety, Division of Police filed this action. The individual employees moved on behalf of themselves and a purported class, alleging that Columbus Police Division Directive ("Directive") 3.07 § III(H)(1)(c) violated the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 790, *et. seq.* ("the Rehabilitation Act") and the privacy

provisions of the First, Fifth and Fourteenth Amendments to the Constitution of the United States through 42 U.S.C. § 1983 ("Section 1983").  Directive 3.07 § III(H)(1)(c) required employees who were returning from sick leave to regular duty to provide a note from his or her attending physician to his or her immediate supervisor indicating the nature of the illness that caused the employee's absence.

On March 27, 2008, two of the individually named plaintiffs filed a motion requesting a preliminary injunction prohibiting the City of Columbus from enforcing Directive 3.07 § III(H)(1)(c) against them.  (Doc. # 7.)  On June 24, 2008, this Court granted these two plaintiffs' motion and issued a preliminary injunction.  (Doc. # 32.)

On May 21, 2008, Plaintiffs filed a motion to certify two plaintiff classes. (Doc. # 26.) That motion was fully briefed and on August 22, 2008, this Court granted class certification. (Doc. # 39.)  Defendant subsequently filed a motion to modify the definition of one of the classes, which this Court granted.  (Docs. # 59, 66.)  The classes are defined as follows:

CLASS I [certified under Fed. R. Civ. P. 23(b)(2) and (b)(3)]

All employees of the City of Columbus, Division of Police, subject to the enforcement of Division Directive 3.07, who, since December 4, 2005 through present, pursuant to the Directive, have been required to disclose confidential medical information to supervisory personnel.

CLASS II [certified under Fed. R. Civ. P. 23(b)(2)]

All current employees of the City of Columbus, Division of Police, subject to the enforcement of Division Directive 3.07.

(Doc. # 66 at 1, 6.)

On September 9, 2009, Plaintiffs filed a motion requesting that the preliminary injunction be extended to all members of Class II.  (Doc. # 40.)  The Court granted that motion on October

8, 2008.  (Doc. # 48.)

On March 31, 2009, Plaintiffs filed a motion for partial summary judgment, requesting that this Court find that Directive 3.07 § III(H)(1)(c) violated the Rehabilitation Act and Section 1983, and that the City of Columbus "violated each individual Plaintiff's and each Class Member's" constitutional rights and their rights under the Rehabilitation Act when these individuals were required to provide a note from his or her attending physician to his or her immediate supervisor indicating the nature of the illness that caused the absence.  Plaintiffs also requested that the Court issue a permanent injunction against the enforcement of the Directive. (Doc. # 103.)  On May 15, 2009, Defendant the City of Columbus filed its motion for summary judgment as to the class claims on this same issue.  (Doc. # 142.)

On July 15, 2009, this Court issued its Opinion and Order on these motions, holding that Directive 3.07 § III(H)(1)(c) violated the Rehabilitation Act and that it violated the City's employees' constitutional privacy rights enforced through Section 1983 ("Oder on Liability") and therefore, granted Plaintiffs motion for summary judgment as to the liability of the City of Columbus.  (Doc. # 183.)  The Court then issued a permanent injunction against the City's enforcement of Directive 3.07 § III(H)(1)(c).  *See id.*

On July 24, 2009, Defendant appealed to the United States Court of Appeals for the Sixth Circuit this Court's Order on Liability.  (Doc. # 186.)  Defendant has now filed a motion to stay this action pending the outcome of the appeal.  That motion is ripe for review.

## II.  Analysis

Initially, the Court notes that neither Defendant nor Plaintiffs cite to any law in their briefing on this issue.  However, the law is clear in this circuit that when resolving a motion for a

stay pending appeal, this Court must consider:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. *Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288, 290 (6th Cir. 1987); *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (factors are the same under Fed. R. Civ. P. 62(c) and under Fed. R. App. P. 8(a)). These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together.

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150 (6th Cir. 2006) (final citation omitted).

As the *Griepentrog* court explained,

> a motion for a stay pending appeal is generally made after the district court has considered fully the merits of the underlying action and issued judgment, usually following completion of discovery. As a result, a movant seeking a stay pending review on the merits of a district court's judgment will have greater difficulty in demonstrating a likelihood of success on the merits. In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal.

*Id.* at 153.

The Court easily concludes that this standard is not met.

Defendant argues that staying the proceeding will conserve the Court and the parties' resources and be more efficient and that a stay will not harm or prejudice Plaintiffs. However, expenditure of resources and efficiency are not relevant to the inquiry before this Court. Further, Defendant's contention as to the lack of harm or prejudice to Plaintiffs, even if correct, is insufficient to support a stay. Indeed, Defendant fails completely to address the likelihood that they will prevail on the merits of the appeal, the likelihood that they will suffer irreparable harm absent a stay, or the public interest in granting the stay.

Accordingly, the Court **DENIES** Defendant's Motion to Stay.  (Doc. # 198.)

**IT IS SO ORDERED.**

**/s/ Gregory L. Frost**
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**
