UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


LISA LEE, et al.,

      Plaintiff,                        Case No. 2:07-cv-1230
                                          JUDGE GREGORY L. FROST
     v.                                   Magistrate Judge Norah McCann King

CITY OF COLUMBUS, et al.,

      Defendants.


## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Reconsideration of Opinion and Order Granting Plaintiffs' Request to Have Damages Determined in the Aggregate ("Motion for Reconsideration") (Doc. # 222) and Plaintiff Class I Representatives' Memorandum in Opposition to Defendant's Motion for Reconsideration (Doc. # 225). For the reasons that follow, the Court **DENIES** Defendant's Motion for Reconsideration.

### I. Background

On September 4, 2009, this Court issued an Opinion and Order that held:

> For the reasons that set forth above, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion to Appoint Special Master. (Doc. # 184.) Specifically, the Court **DENIES** Plaintiffs' request to appoint a special master and **GRANTS** Plaintiffs' request to have damages determined in the aggregate by representatives of Class I. The damages will be determined by a jury.

(Doc. # 217.)

On September 16, 2009, Defendant the City of Columbus filed Defendant's Motion for Reconsideration. That motion is now ripe for review.

## II. Standard

"[D]istrict courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 952 (6th Cir. 2004) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"); *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)). Although the Federal Rules of Civil Procedure do not explicitly address motions for reconsideration of interlocutory orders, the authority for a district court to hear such motions is found in both the common law and in Rule 54(b) of the Federal Rules of Civil Procedure. *Id.* at 959. Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or, (3) a need to correct a clear error or prevent manifest injustice. *Id.* (citing *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

## III. Analysis

Defendant requests reconsideration of this Court's September 4, 2009 Opinion and Order for three reasons. Defendant first argues that this Court failed to take into account that Plaintiff Class "has two distinct legal theories" of recovery and that its "decision erroneously renders Plaintiffs' Rehabilitation Act[, 29 U.S.C. § 790, *et. seq.*] and constitutional claims indistinguishable." (Doc. # 222 at 2.) In their memorandum in opposition to Defendant's Motion for Reconsideration, Plaintiffs clarify that they "sought a damages determination as to the Rehabilitation Act clams only." (Doc. # 225 at 1.) *See also Moreno v. Conrail*, 99 F.3d 782, 784 (6th Cir. 1999) (compensable damages are recoverable under a Rehabilitation Act

2

violation, including emotional distress damages); *Franklin v. Gwinnett County Pub. Schs.*, 503 U.S. 60 (1992) (same). Thus, Plaintiff's make it clear that they are only seeking damages under the Rehabilitation Act and this Court's previous order spoke to damages under the Rehabilitation Act.

As to Plaintiffs' Rehabilitation Act claim, Defendant argues: (1) no class member may seek recovery unless he or she is disabled, and that (2) no disabled class member may have recovery in the absence of proof of "intentional discrimination" beyond the compelled disclosures. Defendant has made these exact same arguments numerous times, first well over a year ago in its opposition memorandum to Plaintiffs' Motion for Class Certification (Doc. # 28), and repeatedly since then. This Court has rejected this argument each time Defendant has raised it, most recently in the Opinion and Order at issue. (*See* Docs. # 32, 39, 183, 217, 218.) Here, Defendant adds nothing new to the argument and the argument has not acquired merit by Defendant's most recent repetition of it. The Court will not here repeat its previous in depth examinations of these issues and directs Defendant to the five previous decisions in which those analyses may be found. *See id.*

Finally, Defendant argues that, "as the City previously explained," each class member's injury can be determined only by a full trial on each individual class members' claim. (Doc. # 222 at 6.) Defendant, however, does not inform the Court why its previous rejection of Defendant's argument should be revisited. Indeed, Defendant does not address any case upon which this Court relied to find that the damages determinations for Class I should be based upon the assessment of harm to representative members of that class. Defendant, as it has done before in this action on a regular basis, simply repackages its argument in another motion and brings it

back to the Court. That strategy is not only costly to the parties and the Court, but is completely ineffective.

## IV. Conclusion

Based on the foregoing, the Court **DENIES** Defendant's Motion for Reconsideration. (Doc. # 222.)

**IT IS SO ORDERED.**

                                              <u>**/s/ Gregory L. Frost**</u>
                                              **GREGORY L. FROST**
                                              **UNITED STATES DISTRICT JUDGE**