UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LISA LEE, et al.,**

        Plaintiffs,                      Case No. 2:07-cv-1230
                                                JUDGE GREGORY L. FROST
        v.                                     Magistrate Judge Norah McCann King

**THE CITY OF COLUMBUS, OHIO, et al.,**

        Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff Teresa Ruby's Motion *In Limine* Regarding Admissibility of Evidence of Events Occurring Before December 4, 2005 ("Ruby's Motion *In Limine*") (Doc. # 245), Defendant City's Response in Opposition to Plaintiff Teresa Ruby's Motion *In Limine* Regarding Admissibility of Evidence of Events Occurring Before December 4, 2005 (Doc. # 246), and the Amended Reply of Plaintiff Teresa Ruby to Defendant City's Response to Plaintiff's Motion *In Limine* Regarding Admissibility of Evidence of Events Occurring Before December 4, 2005 (Doc. # 248). For the reasons set forth below, the Court **GRANTS** Ruby's Motion *In Limine*.

### I. Background

On July 15, 2009, this Court issued an Opinion and Order concluding that City of Columbus Directive 3.07 § III(H)(1)(c) violated the Rehabilitation Act and 42 U.S.C. § 1983 and issuing a permanent injunction against its enforcement.

Plaintiff Teresa Ruby alleged that she was retaliated against by Defendant City of Columbus in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 790, *et. seq.* ("the Rehabilitation Act") for her opposition to Directive 3.07 § III(H)(1)(c). Specifically, Ruby

alleges that six disciplinary charges were filed against her for refusing to comply with that Directive and for filing grievances complaining of the illegality of the Directive. Ruby argues that as a result of these charges, as well as the thirty-one day suspension resultant from five of them and the pending penalty for one of them, she was constructively discharged.

This Court denied the City of Columbus' motion for summary judgment on this claim.

On October 1, 2009, this Court held a final pretrial conference at which the parties disagreed as to the admissibility of evidence regarding alleged retaliatory acts against Ruby that occurred before December 4, 2005 (two years before the date this case was filed). Pursuant to the Court's direction, Ruby has filed her motion *in limine* on the issue.

## II. Standard

The inquiry involved in and nature of a motion *in limine* decision are well settled:

> Motions *in limine* are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child and Family Serv.,* 115 F.3d 436, 440 (7th Cir.1997). The court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. *Cf. Luce v. United States,* 469 U.S. 38, 41 n.4 (1984) (federal district courts have authority to make in limine rulings pursuant to their authority to manage trials). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. (citations omitted). Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*. *See United States v. Connelly,* 874 F.2d 412, 416 (7th Cir.1989) (citing *Luce,* 469 U.S. at 41) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). *Hawthorne Partners v. AT & T Technologies, Inc.,* 831 F. Supp. 1398, 1400-01 (N.D. Ill.1993).

*Indiana Ins. Co. v. General Elec. Co.*, 326 F. Supp.2d 844, 846-47 (N.D. Ohio 2004).

2

### III. Analysis

It is undisputed that Ruby's claim of retaliation in violation of the Rehabilitation Act is subject to a two year statute of limitations period. However, the statute of limitations is not a rule of evidence that prohibits the introduction of the evidence. The United States Court of Appeals has explained this exact issue:

> The statute of limitations is a defense, not a rule of evidence. Therefore, it has no bearing on the admissibility of evidence. The decision whether to admit evidence is based on its relevancy and probativeness, not on whether the evidence is derived from events that occurred prior to a certain time period.

*Black Law Enforcement Ass'n. v. The City of Akron*, 824 F.2d 475, 482 (6th Cir. 1987) (internal citations omitted). The Court concluded that evidence of events predating the statute of limitations should be admitted, citing *United States v. Garvin*, 565 F.2d 519, 523 (8th Cir. 1977), for the well-known proposition that such evidence is admissible to establish motive, intent, or continuing scheme.

In the instant action, Ruby argues, *inter alia*, that to prove constructive discharge she must submit evidence that the City intentionally acted to drive her out of her employment and that at the time she resigned a reasonable person in her situation would have felt the conditions intolerable. *Ford v. General Motors Corp.*, 305 F.3d 545 (6th Cir. 2003). Ruby contends that under Rule 404(b) of the Federal Rules of Evidence, prior acts and conduct are admissible to prove motive, intent, plan, and knowledge. Ruby concludes that if the jury does not know what events led to her alleged constructive discharge, it will be denied key evidence as to the City's intent and as to the reasonableness of Ruby's resignation. The City of Columbus does not respond to this argument in its opposition memorandum.

The Court finds Ruby's argument persuasive and concludes that evidence dating

pre-December 4, 2005 is not "clearly inadmissible for any purpose" and will, therefore, not exclude it. *See Jonasson,* 115 F.3d at 440.

As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

## IV.  Conclusion

For the reasons set forth above, the Court **GRANTS** Ruby's Motion *In Limine*. (Doc. # 245).

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE