IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LISA LEE, et al.,

       Plaintiffs,                          Case No. 2:07-cv-1230
                                              JUDGE GREGORY L. FROST
      v.                                 Magistrate Judge Norah McCann King

THE CITY OF COLUMBUS, OHIO, et al.,

       Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendant City's Motion *In Limine* for Limiting Instruction in the Jury Trial on Plaintiff Teresa Ruby's Rehabilitation Act Claim (Doc. # 262) and Plaintiff's Memorandum Contra Defendant City's Motion *In Limine* for Limiting Instruction in the Jury Trial on Plaintiff Teresa Ruby's Rehabilitation Act Claim (Doc. # 265). For the reasons that follow, the Court **DENIES** Defendant's motion.

### I. Background

On July 15, 2009, this Court issued an Opinion and Order concluding that City of Columbus Directive 3.07 § III(H)(1)(c) violated the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 790, *et. seq.* ("the Rehabilitation Act") and 42 U.S.C. § 1983 and issuing a permanent injunction against its enforcement.

Plaintiff Teresa Ruby alleged that she was retaliated against by Defendant City of Columbus in violation of the Rehabilitation Act for her opposition to Directive 3.07 § III(H)(1)(c). Specifically, Ruby alleges that six disciplinary charges were filed against her for refusing to comply with that Directive and for filing grievances complaining of the illegality of

1

the Directive. Ruby argues that as a result of these charges, as well as the thirty-one day suspension that resulted from them, she was constructively discharged.

This Court denied the City of Columbus' motion for summary judgment on this claim.

On October 1, 2009, this Court held a final pretrial conference at which the parties disagreed as to the admissibility of evidence regarding alleged retaliatory acts against Ruby that occurred before December 4, 2005 (two years before the date this case was filed). Pursuant to the Court's direction Ruby filed her motion *in limine* on the issue (Doc. # 245), the City filed its memorandum in opposition to that motion (Doc. # 246), and Ruby filed her reply memorandum in support of her motion (Doc. # 248). On November 13, 2009, this Court issued an Opinion and Order granting Ruby's motion *in limine*, thereby permitting evidence of acts that occurred before December 4, 2005 to be introduced at trial. The City has now moved to have the Court issue a limiting instruction to the jury regarding the purpose of this evidence.

## II. Standard

Although neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize the Court to rule on an evidentiary motion *in limine*, the United States Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion *in limine* is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

Courts, however, are generally reluctant to grant broad exclusions of evidence *in limine*,

because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir.1975). A court should not make a ruling *in limine* unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible. *Ind. Ins. Co.*, 326 F. Supp. 2d at 846; *Koch*, 2 F. Supp. 2d at 1388.

### III. Analysis

In connection with Ruby's claim of retaliation, Ruby alleges that she was constructively discharged. "To constitute a constructive discharge, the employer must deliberately create intolerable working conditions, as perceived by a reasonable person, with the intention of forcing the employee to quit and the employee must actually quit." *Moore v. Kuka Welding Sys.*, 171 F.3d 1073, 1080 (6th Cir. 1999).

In its motion, the City of Columbus correctly recognizes that this Court, in ruling on its previous motion *in limine* on this issue, has specifically decided that Ruby may introduce evidence of her working conditions and work history prior to December 4, 2005. However, the City then goes on to state that "the alleged intolerable working conditions underlying Plaintiff's claim of retaliatory constructive discharge must have occurred within the [two year] limitations period." (Doc. # 262 at 3.) This proposition is incorrect.

Ruby alleges that she received six disciplinary charges and a thirty-one day suspension for refusing to comply with Directive 3.07 § III(H)(1)(c). She received all of these disciplines and the suspension outside of the two year limitations period. However, Ruby alleges that all of these incidents combined culminated in intolerable working conditions that caused her to resign.

3

Thus, all of these incidents are relevant and admissible to prove constructive discharge.

To the extent that the City is arguing that Ruby cannot present a claim of retaliation, which requires an adverse action, based upon an adverse action that occurred outside of the statute of limitations period, this Court agrees. However, Ruby has not even alleged such a claim for relief. Ruby has specifically alleged a claim for retaliation based only upon the adverse action of constructive discharge--not based upon any of the disciplines or the suspension. As to the retaliatory constructive discharge claim, all of the actions that Ruby alleges were part of the intolerable working conditions that ultimately caused her resignation are relevant and admissible.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant City's Motion *In Limine* for Limiting Instruction in the Jury Trial on Plaintiff Teresa Ruby's Rehabilitation Act Claim. (Doc. # 262.) As with all *in limine* decisions, these rulings are subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE