IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LISA LEE, *et al*., | : | Case No. 2:07 cv 1230 |
| | : | |
| Plaintiffs, | : | JUDGE FROST |
| | : | |
| v. | : | MAGISTRATE JUDGE KING |
| | : | |
| CITY OF COLUMBUS, *et al*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF PLAINTIFF CLASS I IN OPPOSITION TO
DEFENDANT'S MOTION *IN LIMINE* AND IN OPPOSITION TO DEFENDANT'S
MOTION TO CERTIFY**

## I.  BACKGROUND

Doc. #322, filed by Defendant, is styled as a motion *in limine*; however, it is, in fact, a motion for summary judgment on the issue of compensatory damages.  Defendant's arguments contained in Doc. #322 should have been made in a timely manner within their motion for summary judgment (Doc. #142).  Defendant failed to do so.  Moreover, Defendant had another opportunity to present these arguments in its Opposition to Plaintiffs' Motion for Order Appointing Special Master (Doc. #197).  Yet once again, Defendant failed to adequately address the issues it now raises, and this Court properly found Defendant's position untenable.  (Doc. #218).  See also Doc. #226 (Order Denying Defendant's Motion for Reconsideration).

Based upon the foregoing, this Court should deny Defendant's Motion outright. However, Plaintiff Class will briefly address below the issues raised by Defendant.

**II.      COMPENSATORY DAMAGES ARE RECOVERABLE**

In its Memorandum in Opposition to Plaintiff's Motion for Order Appointing Special Master, the City argued, as it has repeatedly argued throughout this and the related individual cases, that there may be no recovery except for when there is "intentional discrimination."  To support its claims, Defendant now offers *Kaitlin C. v. Cheltenham Twp.*, 2010 U.S. Dist. LEXIS 20699 (M.D. Pa. March 5, 2010).  However, *Kaitlin C.*'s own analysis reveals the flaw in Defendant's argument.

In *Kaitlin C.*, the plaintiff sought to hold her school liable for violating her rights under the Rehabilitation Act because she was disabled, because the school placed her in a physical education class that required her to perform beyond her medical limitations, and because she was subsequently injured.  The plaintiff asserted that the school district had failed to accommodate her disability.  On a Rule 12(b)(6) motion, the trial court noted that the key element at issue was discrimination and concluded that the complaint cast a negligence case in the cloak of a Rehabilitation Act violation.  Id. at *10.  In other words, the school officials who accommodated her did not realize that the physical education class would require performance on a physical test that was likely to result in injury.

The entire discussion of "intentional discrimination" in *Kaitlin C.* was premised on a claim of disability *discrimination* and negligence.  That is not the issue at hand here.

*Kaitlin C.* cited the United States Supreme Court cases addressing the issue of recovery under Section 504 of the Rehabilitation Act (29 U.S.C. §794).  Those cases make clear that the "intent" requirement is *not* the intent to violate the statute, but rather the intent *to do the act in light of a clear statutory prohibition*.  In *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 74 (1992), the Court stated: "The point of not permitting monetary damages for an unintentional

violation is that the receiving entity of federal funds *lacks notice that it will be liable for a monetary award*." (emphasis added).  Expanding on *Franklin*, in *Davis v. Gorman,* 536 U.S. 181, 186 (1999), the Court stated: "[A] recipient [of federal funds] may be held liable … for *intentional conduct that violates the clear terms of the relevant statute …*." (emphasis added). The Court noted that a funding recipient under §504 is on notice of remedies available *in the statute itself*, in traditional breach of contract suits, and that compensatory damages are commonly available in those actions.  *Id.* at 187-88.

In the instant case, Plaintiff Class I does *not* seek recovery for disability discrimination. Instead, Plaintiff Class I seeks recovery for the intentional implementation and enforcement of the Directive that this Court has already held violates class members' right to privacy under the Rehabilitation Act.  The City is now attempting to circumvent the Court's decision and is now, as it has in the past, attempting to cast the Directive as a "neutral policy" that has a "disparate impact" on the class.  This is simply inaccurate.  Plaintiff Class does not and never has claimed that the City's Directive was neutral in any way.  Neither did Plaintiff Class bring suit under the disability discrimination provision of the Rehabilitation Act.

The City's argument is no more logical or reasonable than the same arguments it has made already made in the past and which were rejected by this Court.

## III.     REPRESENTATIVE CLASS MEMBERS' TESTIMONY IS ADMISSIBLE

In contending that individual class members may not testify, the City is simply recasting the argument it made in opposition to Plaintiffs' Motion for Class Certification (Doc. #26) and which was properly rejected by this Court in its Order.  (Doc. #39).  The Court's previous Order should be upheld.

## IV.    CONCLUSION

Based upon the foregoing, this Court should deny Defendant's Motion *in Limine* in its

entirety.


Respectfully submitted,

LAW OFFICES OF MIKE MOORE


/s/ Michael G. Moore
Michael G. Moore (0025047)
585 South Front Street, Suite 250
Columbus, OH 43215
Tel: 614-225-0554
Fax: 614-469-0122
mike@mgmoorelaw.com

CHORPENNING, GOOD & PANDORA CO., LPA


/s/ Vivian B. Fisher
Eliott R. Good (0025635)
Vivian B. Fisher (0083592)
585 South Front Street, Suite 250
Columbus, OH 43215
Tel: 614-469-1301
Fax: 614-469-0122
egood@chorgood.com
vfisher@chorgood.com

Attorneys for Plaintiff Class

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed electronically on March 24, 2010.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


/s/ Michael G. Moore
Michael G. Moore (0025047)
585 South Front Street, Suite 250
Columbus, OH 43215
(614) 469-1301