IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LISA LEE, et al.,

        Plaintiff,

                                        Case No.: 2:07-cv-1230

    v.                                  JUDGE GREGORY L. FROST
                                        Magistrate Judge Norah McCann King

CITY OF COLUMBUS, et al.,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion *in Limine* to Exclude Evidence of

Compensatory Damages, to Exclude Evidence of Emotional Suffering, Humiliation, Loss of

Dignity, and Other Types of Alleged Individualized Compensatory Damages, and, in the

Alternative, Motion to Certify for Immediate Interlocutory Appeal the Court's Order as to the

Compensatory Damages Claim of Class I (Doc. 226) on the Basis that Compensatory Damages

are Not Available Under the Rehabilitation Act in the Absence of Intentional Disability

Discrimination ("Defendant's Motion *in Limine* and to Certify") (Doc. # 322) and on the

Memorandum of Plaintiff Class I in Opposition to Defendant's Motion *in Limine* and to Certify

(Doc. # 326).   For the reasons that follow, the Court **DENIES in part** and **HOLDS IN**

**ABEYANCE in part** Defendant's Motion *in Limine* and to Certify.

**I.  Analysis**

In Defendant's Motion *in Limine* and to Certify, Defendant makes three separate

requests.  First, Defendant requests that the Court reverse its previous decisions that held that

Plaintiffs are not required to prove that they are disabled and that they suffered intentional

discrimination based on that disability to maintain a claim for relief under the medical records

confidentiality provisions of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et*

*seq.*, which, this Court determined, are incorporated into the Rehabilitation Act of 1973, 29

U.S.C. § 790 *et seq.*  Second, Defendant asks that if the Court declines to revisit the issue of

intentional disability discrimination, it should limit the available compensatory damages to

exclude "emotional distress, humiliation, injury to dignity, and other such personal emotions."

(Doc. # 322 at 8.)  Third, Defendant requests that if the Court declines to grant either of the first

two requests, that it certify for immediate interlocutory appeal the Court's Order on the

compensatory damages claim of Class I.

## A.  Defendant's Third Request: Interlocutory Appeal

Defendant asks that if the Court declines to grant either of the first two requests made in

Defendant's Motion *in Limine* and to Certify, that the Court certify for immediate interlocutory

appeal the Court's Order on the compensatory damages claim of Class I, docketed at number

226.  However, the Opinion and Order issued by the Court to which Defendant refers is not an

order on compensatory damages.  The Opinion and Order from which Defendant asks to take an

interlocutory appeal was a decision that was issued on Defendant's Motion for Reconsideration

of the Order Granting Plaintiffs' Request to Have Damages Determined in the Aggregate.  (Doc.

# 226.)  In that Opinion and Order the Court did not address the type of damages available to

Plaintiffs; but instead, considered three issues that had been addressed in its previous Opinion

and Order that granted Plaintiffs' request to have damages determined in the aggregate.  Those

issues were, first, whether Plaintiffs were seeking recovery for violations of the Rehabilitation

Act only or under that Act and 42 U.S.C. § 1983.  Second, whether the Court should entertain

separate trials on damages for each class member or allow testimony of a representative sample

of the class to determine damages.  Third, the Court addressed Defendant's arguments that no

class member could seek recovery unless he or she was disabled and that no class member may

have recovery in the absence of intentional disability discrimination.  These are the same two

issues Defendant addresses in their second request in Defendant's Motion *in Limine* and to

Certify, which the Court considers next.

Thus, the Court concludes that there is no "compensatory damages" issue to be certified

for interlocutory appeal.  Accordingly, the Court **DENIES** Defendant's request to certify an

interlocutory appeal from Defendant's Motion for Reconsideration of the Order Granting

Plaintiffs' Request to Have Damages Determined in the Aggregate.

## B.  Defendant's Second Request: No allowance of Damages in the Absence of Intentional Disability Discrimination

Defendant argues that compensatory damages are not available under the Rehabilitation

Act unless Plaintiffs can show intentional disability discrimination.  This Court disagrees.

The instant action is not a disability discrimination case.  Plaintiff class has at no time

alleged discrimination based upon disability.  As the Court has previously held, on numerous

occasions, an individual need not be disabled to bring a claim for relief under the medical

records confidentiality provision of the ADA, 42 U.S.C. § 12112(d).  (*See* Docs. # 32, 39, 183,

217, 218, 226) (explaining that, while the Sixth Circuit, in an unpublished opinion, has expressly

declined to decide the issue, *see Boise v. Capital Area Community Servs.*, 188 F.3d 506, n. 2,

1999 U.S. App. LEXIS 18447, 1999 WL 618085 (6th Cir. Aug. 4, 1999), several other federal

circuit courts have held a plaintiff need not be disabled within the meaning of the ADA to

proceed with a cause of action based on violation of 42 U.S.C. § 12112(d)).  *See also Conroy v.*

*New York State Dept. of Correctional Serv.*, 333 F.3d 88, 94-95 (2d Cir. 2003) (need not be

disabled to bring claim under 42 U.S.C. § 12112(d)(4)(A)); *Cossette v. Minnesota Power &*

*Light*, 188 F.3d 964, 969-70 (8th Cir. 1999) (need not be disabled to bring claim for violation of

medical records confidentiality provision); *Fredenburg v. Contra Costa County Dep't of Health*

*Servs.*, 172 F.3d 1176, 1181-82 (9th Cir. 1999) (need not be disabled to bring claim for violation

of preemployment, post-offer, or employee examination provisions); *Griffin v. Steeltek, Inc.*, 160

F.3d 591, 593-94 (10th Cir. 1998) (need not be disabled to bring claim for violation of

preemployment examination provision); *Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124

F.3d 1221, 1229 (10th Cir, 1997) (need not be disabled to bring claim for violation of employee

examination provision). Several district courts in this circuit have followed those cases. *See*

*e.g., Wice v. Gen. Motors Corp.*, No. 07-10662, 2008 U.S. Dist. LEXIS 106727, at *5 (S.D.

Mich. Dec. 15, 2008) and *Lentz v. City of Cleveland*, 410 F. Supp. 2d 673 (N.D. Ohio 2006).

Based on this Court's conclusion, Plaintiffs have no responsibility to show intentional disability

discrimination.

  With regard to the availability of compensatory damages, Defendant, for the first time

contends that: "The City's argument is that proof of intentional disability discrimination is a

prerequisite to plaintiffs' recovering compensatory damages (as opposed to declarative and

injunctive relief) under the Rehabilitation Act." (Doc. # 322 at 6.) Defendant then relies upon

case law related to disparate impact cases and upon disability discrimination cases that the Court

finds are inapposite. Although the argument is new regarding the availability of compensatory

damages as opposed to declaratory or injunctive relief, Defendant maintains that intentional

discrimination is a prerequisite to the ability to recover. For the same reasons the Court just

stated, intentional disability discrimination need not be shown in a medical records confidentiality provision case. Defendant has appealed this Court's decision in that regard. There is simply nothing left for Defendant to do but await decision from the Sixth Circuit on their appeal of this issue.

With regard only to the portion of Defendant's argument regarding the availability of compensatory damages under the medical records confidentiality provisions of the ADA, Defendant's new argument is not well taken. Although the Sixth Circuit has yet to decide the issue, the majority of circuits, and one sister district court, have all come to the conclusion that compensatory damages are available under the medical records confidentiality provisions of the ADA, 42 U.S.C. § 4112(d). *See e.g., Garrison v. Baker Hughes Oilfield Operations, Inc.*, 287 F.3d 955, 963 (10th Cir. 2002) ("In *Griffin [v. Steeltek, Inc.]*, 160 F.3d [591,] 5595 & n.5 [(10th Cir. 1998)], we held to recover compensatory damages under § 12112(d)(2), a need only 'prove injury flowing from' the statutory violation rather than injury from discrimination based on a disability."); *EEOC v. Ford Motor Credit Co.*, 531 F. Supp. 2d 930, 941-43 (M.D. Tenn 2008) (non-economic harm sufficient to recover compensatory damages under the medical records confidentiality provision of the ADA).

Thus, the Court **DENIES** Defendant's request that it reverse its previous decisions that held that Plaintiffs are not required to prove that they are disabled and that they suffered intentional discrimination based on that disability to maintain a claim for relief under the medical records confidentiality provisions of the ADA.

**C. Defendant's Second Request: Limit Compensatory Damages**

Defendant asks that if the Court declines to revisit the issue of intentional disability

discrimination, it should limit the compensatory damages to exclude "emotional distress, humiliation, injury to dignity, and other such personal emotions." (Doc. # 322 at 8.) Defendant posits that these types of damages are not within the nature of "general damages" this Court found to be permissible in the trial on class damages. Defendant raises an important issue that needs clarification.

In this Court's Opinion and Order granting Plaintiffs' request that the damages portion of this action be tried to a jury by a representative group of class members, the Court relied upon *In re Nassau County Strip Search Cases*, No. 99-CV-4238, 2008 U.S. Dist. LEXIS 29083 (E.D. N.Y. March 27, 2008). (Doc. # 217.) In evaluating the appropriateness of representative testimony on damages, this Court stated:

> On remand, the [*In re Nassau County Strip Search Cases*] court explained:
>
> > The Second Circuit has recognized, for example, that class-wide rather than individual assessments of monetary relief may sometimes be appropriate in class discrimination cases. *See Robinson v. Metro-North*, 267 F.3d 147, 161 n. 6 (2d Cir. 2001). . . . Moreover, "[p]roof of aggregate monetary relief for [a] class is feasible and reasonable under various circumstances." Newburg on Class Actions § 10:2. . . . "Courts have approved various methods of discovery and determining damages in class actions on the basis of classwide, rather than individualized proof of damages and the use of statistics and representative samples are one such method." *Id.* Finally, the Second Circuit has noted that those cases in which plaintiffs are "aggrieved by a single policy of the defendants" and there is a "strong commonality of the violation and the harm" are "precisely the type of situation[s] for which the class action device is suited." *In re Visa Check[/MasterMoney Antitrust Litig.]*, 280 F.3d [124, ]146 [(2d Cir. 2001)].
> >
> > Here, class members were aggrieved by a single, admittedly unlawful policy and there is a strong commonality between the strip search violation and the harm. There is no reason that a jury in this case, hearing the procedures used by Defendants for strip searches together with the testimony of a number of class members

as to the circumstance of actual searches, could not determine an amount of general damages awardable to each member of the class. Concededly, care would have to be taken to ensure that the amount awarded for general damages excludes all elements of special damages that individual class members might then pursue. But the task, albeit difficult, is doable.

*In re Nassau County Strip Search Cases*, 2008 U.S. Dist. LEXIS 29083, at *17-19.

Like the class in *In re Nassau County Strip Search Cases*, the instant action is appropriate for a jury to hear "the testimony of a number of class members as to the circumstance of [the actual disclosure of the personal medical information and to], determine an amount of general damages awardable to each member of the class." *Id.* Indeed, this case is even more amenable to this procedure in that not only did each violation result from the City of Columbus' enforcement of an unlawful blanket policy, with each violation being identical, here, unlike the class members in *In re Nassau County Strip Search Cases*, no class member is seeking special damages.

(Doc. # 217 at 8-9.)

The issue now raised by Defendant is the definition of the term "special damages."

Defendant argues that here, like in *In re Nassau County Strip Search Cases*, the testimony of

witnesses should be limited to the process and procedures that were common to all class

members. Defendant concludes that, if Plaintiff class witnesses testify as to the effect of their

disclosure of the nature of their illness, such emotional reactions as humiliation, shame,

emotional distress, or loss of dignity—they have moved from representative testimony to

testimony concerning individualized harm. The injuries then, would not be identical, as this

Court first assessed. Defendant then argues that the testimony should be limited to harm that fits

the parameters of "identical" harm, experienced by all:

If, as the City understands, the Court has ruled that Plaintiff Class I can proceed to a determination of damages in the aggregate because the Class members have "identical" harm based on a violation of "privacy" inherent in the disclosure of the nature of the employee's illness on the doctor's note, then in keeping with this

court's rationale as well as the rationale expressed by the court in *Nassau County*, the City submits that the nature of such inherent harm should be apparent to the jury from the disclosure of the employees' nature of the illness on their doctor's notes. The City submits that as in *Nassau County*, the trial testimony of Plaintiff Class witnesses should be limited to the process for marking off and marking up and disclosing the nature of the illness on the doctor's note, a process and procedure common to all. The jury should then be instructed to render a determination as to any representative harm based on its assessment of all the doctor's notes that disclosed the nature of the illness [or a random sampling of those notes]. There should be no testimony from individuals as to the individual's personal experience or the personal reaction to disclosing the nature of the illness on the note.

(Doc. # 322 at 11-12.)

Plaintiffs do not respond to this argument, indicating that Defendant missed its opportunity to make this argument because it did not do so at the appropriate time; namely, in its opposition to Plaintiffs' Motion to Have Damages Determined in the Aggregate. While the Court agrees that Defendant's arguments are untimely, it simply cannot ignore them. The Court agrees with Defendant's assessment of its Opinion and Order as it relates to representative testimony, *i.e.*, that it granted Plaintiffs' request to hear representative testimony on damages because of Plaintiffs' contention that their damages were the exact same for each member of the class. Indeed, Plaintiffs expressly excepted themselves from any special damages. It has become clear, however, that Plaintiffs definition of special damages differs from the definition used by the *In re Nassau County Strip Search Cases*. (*See* Docs. # 321, 331.) The Court, however, is not inclined to limit the damages testimony of the representative plaintiffs, or to vacate its decision granting trial with representative testimony, absent response from Plaintiffs.

Accordingly, the Court's decision on this portion of Defendant's Motion *in Limine* and to Certify is **HELD IN ABEYANCE** pending discussion of this matter at the April 1, 2010, final pretrial conference. The parties should be prepared to address this issue at the final pretrial

conference.

## II. Conclusion

Based on the foregoing, the Court **DENIES in part** and **HOLDS IN ABEYANCE in part** Defendant's Motion *in Limine* and to Certify. (Doc. # 322.) Specifically, the Court **DENIES** Defendant's request to certify an interlocutory appeal from Defendant's Motion for Reconsideration of the Order Granting Plaintiffs' Request to Have Damages Determined in the Aggregate, **DENIES** Defendant's request that the Court reverse its previous decisions that held that Plaintiffs are not required to prove that they are disabled and that they suffered intentional discrimination based on that disability to maintain a claim for relief under the medical records confidentiality provisions of the ADA, and **HOLDS IN ABEYANCE** Defendant's request to limit the damages testimony of the representative plaintiffs.

As with all *in limine* decisions, these rulings are subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE