UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LISA LEE, et al.,

      Plaintiffs,                                 Case No. 2:07-cv-1230
                                                         JUDGE GREGORY L. FROST
      v.                                          Magistrate E. A. Preston Deavers

THE CITY OF COLUMBUS, OHIO, et al.,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court on the Motion of Plaintiff Teresa Ruby for Judgment as a Matter of Law and for a New Trial (Doc. # 324), Defendant's Memorandum in Opposition to Plaintiff's Motion for Judgment as a Matter of Law and for a New Trial (Doc. # 327), and the Reply of Plaintiff Teresa Ruby to Defendant's Memorandum in Opposition to Plaintiff's Motion for Judgment as a Matter of Law and for a New Trial (Doc. # 339). For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

## I. Background

Plaintiff Teresa Ruby was employed by Defendant the City of Columbus, Division of Police, for fourteen years as a communication technician. She worked in the radio room of the Police Department answering calls, including those made to the emergency 911 lines.

Plaintiff asserts that she was retaliated against by Defendant because she opposed what she believed to be an unlawful practice. The practice at issue in this case is a particular section of the Division of Police's Directive 3.07. That section required that any employee of the

1

Division, under certain circumstances, give a written doctor's note indicating the nature of the illness to the employee's supervisor as a condition of returning to work after an absence for medical reasons. The specific condition that triggered the disclosure was that the employee was absent from work for illness for more than three days, or was on sick leave verification.

Plaintiff asserts that the Directive's provision violated the Rehabilitation Act of 1973, 29 U.S.C. § 790 *et seq.* This Court determined that the disclosure requirement did, in fact, violate the Rehabilitation Act.

Plaintiff alleges that Defendant retaliated against her for opposing this policy, leaving her in a position whereby she was forced to resign, which she did on January 6, 2006. Plaintiff claims that her resignation was in fact a constructive discharge. Defendant denies that it constructively discharged Plaintiff and argues that Plaintiff's resignation was voluntary, most likely made because Plaintiff neither wished to continue to work the mandatory overtime required by her job nor wished to work under the pressure inherent in her job.

This case was tried to a jury on February 1, 2010. That trial ended with a hung jury. A second trial was held, beginning on March 8, 2010 and concluding on March 12, 2010, and resulted in a verdict in favor of Defendant.

This Court instructed the jury as to Plaintiff's only claim for relief, constructive retaliatory discharge, that:

> In order to prove her claim of retaliatory constructive discharge in violation of the Rehabilitation Act, Plaintiff must prove both that she was constructively discharged and that the reason for the constructive discharge was Defendant's retaliation for her protected opposition under the Rehabilitation Act.
>
> Thus, Plaintiff must prove the following elements by the greater weight of the evidence:

2

> 1. that Plaintiff opposed the requirement to include the nature of her illness on a doctor's note to be provided to a supervisor;
>
> 2. that Defendant knew that Plaintiff opposed the requirement to include the nature of her illness on a doctor's note to be provided to a supervisor;
>
> 3. that Plaintiff thereafter was constructively discharged; and
>
> 4. that there was a causal connection between Plaintiff's opposition and the constructive discharge.

(Doc. # 318 at 21.) With regard to the adverse action element, the Court instructed:

> The third element of Plaintiff's claim is that she was constructively discharged. In order to prove that Defendant constructively discharged Plaintiff, Plaintiff must prove by the greater weight of the evidence that Defendant deliberately created intolerable working conditions as perceived by a reasonable person with the intention of forcing Plaintiff to quit her employment and Plaintiff did, in fact, quit her employment.
>
> In assessing whether Plaintiff has proved her working conditions were intolerable for purposes of proving constructive discharge, the law requires that you make an objective inquiry as to whether the conditions were intolerable. You must decide if Plaintiff has shown by the greater weight of the evidence that her working conditions were so difficult or unpleasant that a reasonable person in her shoes would have felt compelled to resign. "Compelled" means that an employee had no other reasonable alternative but to resign.
>
> In assessing whether Plaintiff has proved a constructive discharge, you must also make a subjective inquiry as to whether Defendant deliberately created intolerable working conditions with the intention of forcing Plaintiff to resign. Intent may be inferred by demonstrating that quitting employment was a foreseeable consequence of the employer's actions.
>
> Plaintiff need not prove that Defendant acted against Plaintiff with knowledge of the Rehabilitation Act. The issue for you to decide is whether Defendant acted against Plaintiff because of her opposition to that portion of the Directive that required Plaintiff to include the nature of her illness on a doctor's note to be provided to a supervisor.

*Id.* at 23.

Twice during the course of the second trial Plaintiff moved under Federal Rule of Civil

3

Procedure 50 for judgment as a matter of law. In the first instance, Plaintiff requested judgment as a matter of law on the issue of liability and, in the second, Plaintiff requested judgment on the first two elements of her retaliatory constructive discharge claim: that she opposed the unlawful practice and that Defendant knew of her opposition. The Court denied both motions.

Plaintiff has now renewed her second motion for judgment as a matter of law pursuant to Rule 50 and has concurrently requested a new trial under Federal Rule of Civil Procedure 59.

## II. Standards

### A. Judgment as a Matter of Law Standard

A district court should grant a judgment as a matter of law where "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a). In conducting such an analysis, the evidence must be construed in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences. *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007) (citing *Ratliff v. Wellington Exempted Vill. Sch. Bd. of Educ.*, 820 F.2d 792, 795 (6th Cir. 1987)); *Tuck v. HCA Health Srvs. of Tennessee, Inc.*, 7 F.3d 465, 469 (6th Cir. 1993).

### B. New Trial Standard

Under Rule 59(a), a new trial may be granted in an action in which there has been a trial by jury "for any of the reasons for which new trials have heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a). A jury verdict is presumed valid, and a district court will not interfere "unless it is clear that the jury reached a seriously erroneous result." *Brooks v. Toyotomi Co.*, 86 F.3d 582, 588 (6th Cir. 1996) (citations omitted).

In the instant action, Plaintiff argues that she is entitled to a new trial under Rule 59

4

because the jury verdict was against the manifest weight of the evidence. In considering a motion for a new trial on the ground that the verdict is against the weight of the evidence, the court is not to set aside the verdict simply because it believes that another outcome is more justified. *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007) (citing *TCP Indus., Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 546 (6th Cir. 1981)); *see also J.C. Wyckoff & Assoc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1487 (6th Cir. 1991) (Courts are not free to set aside jury verdicts "simply because different inferences and conclusions could have been drawn or because other results are more reasonable."). The Court is to accept the jury's verdict "if it is one which reasonably could have been reached." *Denhof,* 494 F.3d at 543 (citing *Duncan v. Duncan*, 377 F.2d 49, 52 (6th Cir. 1967)). The Sixth Circuit has directed:

> Where no undesirable or pernicious element has occurred or been introduced into the trial and the trial judge nonetheless grants a new trial on the ground that the verdict was against the weight of the evidence, the trial judge in negating the jury's verdict has, to some extent at least, substituted his judgment of the facts and the credibility of the witnesses for that of the jury. Such an action effects a denigration of the jury system and to the extent that new trials are granted the judge takes over, if he does not usurp, the prime function of the jury as the trier of the facts. It then becomes the duty of the appellate tribunal to exercise a closer degree of scrutiny and supervision than is the case where a new trial is granted because of some undesirable or pernicious influence obtruding into the trial. Such a close scrutiny is required in order to protect the litigants' right to jury trial.

*Id.* (citing Duncan, 377 F.2d at 54).

### III. Discussion

Based on the evidence of record and the instructions given to the jury, to which Plaintiff raised no objection, there is no question that the jury verdict in favor of Defendant was not against the manifest weight of the evidence. The Court also finds that, when construing the evidence in the light most favorable to Defendant and giving Defendant the benefit of all

5

reasonable inferences, there is a legally sufficient evidentiary basis for a reasonable jury to find for Defendant on the first and second elements of Plaintiff's claim for relief. Notwithstanding this conclusion, the Court notes that even if denial of Plaintiff's motion were found to be an error, it was harmless because there was ample evidence in the record upon which the jury could have found for Defendant that was not dependent upon the first two elements of Plaintiff's claim–including that her working conditions were not so difficult or unpleasant that a reasonable person in her shoes would have felt compelled to resign, *i.e.*, that she had no other reasonable alternative but to resign.

Indeed, in an employment setting where the employees are represented by a union and there is a bargained for grievance procedure that includes binding arbitration by a neutral arbitrator, it is not unreasonable to conclude that the employee had the option of waiting for a determination on her filed grievances, which Plaintiff here did not do. Nor is it unreasonable for an employee to wait for the determination as to whether her grievance would be arbitrated, and if arbitrated, wait for the results of that arbitration, which Plaintiff here did not do. This is true even if the employee was required to wait a significant period of time for the completion of the administrative procedure.

The Court's inquiry here is not to determine whether a verdict in favor of Plaintiff is "more justified." *Denhof*, 494 F.3d at 543. Instead, it is the Court's responsibility to decide whether the jury determination was one that "reasonably could have been reached." *Id.* To that inquiry, the Court concludes that a defense verdict reasonably could have been reached. Viewing all of the evidence presented at trial, the Court simply cannot say that "is clear that the jury reached a seriously erroneous result." *Brooks*, 86 F.3d at 588. The Court, therefore, cannot

6

overturn the verdict of the jury.

## IV.  Conclusion

Accordingly, the Court **DENIES** the Motion of Plaintiff Teresa Ruby for Judgment as a Matter of Law and for a New Trial.  (Doc. # 324.)

**IT IS SO ORDERED**.

<u>     /s/ Gregory L. Frost            </u>
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**